# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BANDA,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:16-cv-00572-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on the Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit.

The court, having reviewed the record, administrative transcript, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows:

First, the Administrative Law Judge's ("ALJ") decision at step two of the five-step sequential process for determining disability was supported by substantial evidence. The ALJ concluded that Plaintiff did not have a severe mental impairment and, therefore, did not include any mental limitations in his Residual Functioning Capacity ("RFC") finding. (AR 12-13).

A "severe impairment" is an impairment or combination of impairments which significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individuals ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing SSR 85–28; *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988) (adopting SSR 85–28)). "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

On November 4, 2013, Dr. Lance Portnoff, Ph.D performed a consultative examination of Plaintiff. (AR 609-614). Dr. Portnoff diagnosed Plaintiff with: Major Depressive disorder, single episode, mild to moderate with anxious features; cognitive disorder, not otherwise specified. (AR 613). Dr. Portnoff opined that Plaintiff has: 1) mild to moderate limitations in social functioning due to deficiencies in processing speed, reasoning, memory and depression; 2) mild limitations in concentration, persistence, and pace; 3) moderate limitations in ability to respond appropriately to co-workers, supervisors, or public due to deficiencies in proceeding speed, language skills, reasoning, memory and depression; and 4) mild to moderate limitations ability to deal with unexpected changes in a routine work setting due to impaired mental flexibility, reasoning and depression. (AR 613).

The ALJ gave little weight the opinion of Dr. Portnoff "in light of the essentially normal mental status examinations contained in the medical records, as well as the claimant's admitted improvement with medications and mental health treatment." (AR 14). The ALJ noted that Dr. Portnoff's opinion was contradicted *inter alia* by the medical opinions of Dr. Robert Schneider, Ph.D (AR 13-14, 1123-24) and Eric Persell, Certified Physician's Assistant ("PAC"). (AR 13, 994).

The Court found substantial evidence in the record supporting the ALJ's reasoning. With respect to the ALJ finding "essentially normal mental status examinations" in the record, Dr.

2

Portnoff's November 24, 2013 mental status examination (AR 611) and PAC Persell's March 18, 2015 progress notes (AR 994) specifically supported this finding. Regarding the ALJ's finding that Plaintiff's mental impairments improved with medication and mental health treatment, substantial evidence post-dating Dr. Portnoff's November 24, 2013 examination supported this finding. On March 14, 2014, Plaintiff's progress notes by Dr. Maxim Kramer, Ph.D., indicate "[s]ignificantly improved mood and attitude" and that "[patient] will not need follow-up treatment since his depression has resolved." (AR 955). On June 9, 2014, Plaintiff indicated that his medication "has helped me so much. I used to worry about everything, now I am much better." (AR 924). On September 15, 2015, Leroy Egenberger, LMFT, noted that Plaintiff had indicated that counseling had reduced his anxiety 30-50%. (AR 1047).

Second, the ALJ's RFC finding was supported by substantial evidence. "Residual functional capacity is an administrative finding reserved to the Commissioner." *Lynch Guzman v. Astrue*, 365 F. App'x 869, 870 (9th Cir. 2010) (citing 20 C.F.R. § 404.1527(e)(2)). The ALJ's RFC determination should be affirmed "if the ALJ applied the proper legal standard and his decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

In reaching his RFC finding, the ALJ thoroughly discussed the medical evidence, Plaintiff's testimony, and Plaintiff's daily living activities. (AR 16-18). The ALJ limited Plaintiff to "light" exertional work despite no medical opinion in the record with this specific limitation. The ALJ reasoned that the State agency opinion of medium exertional work was too great because "the medical evidence of record as a whole supports greater and/or additional physical limitations, and the claimant's subjective complaint and the combined effect of his impairments were not adequately considered." (AR 17). The ALJ further reasoned that PAC Persell's opinion that Plaintiff was limited to less than sedentary exertional work was "not supported by the essentially normal physical examinations in the medical evidence of record." (AR 17).

In light of the thorough explanation of his reasoning on a legal finding reserved to the Commissioner, the Court does not find legal error or a lack of substantial evidence supporting the ALJ's RFC conclusion.

Accordingly, for the reasons announced by the Court on the record at the conclusion of the parties' oral argument on September 25, 2017, the court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 26, 2017**  /s/ Erin P. Groj

UNITED STATES MAGISTRATE JUDGE